IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANELLE L. BARLASS,

                                                  OPINION and ORDER

                Plaintiff,

                                                  10-cv-454-slc[1]

    v.

MRS. DENISE CARPENTER,
CITY OF JANESVILLE POLICE DEPARTMENT,
DEPUTY CHIEF KOPP and
JANESVILLE GAZETTE NEWSPAPER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed civil action for monetary and injunctive relief in which plaintiff Janelle L. Barlass contends that defendants Deputy Chief Steve Kopp and the Janesville Police Department violated her right to equal protection under the Fourteenth Amendment and retaliated against her for having a bar that served African American patrons. In addition, plaintiff contends that defendants Denise Carpenter and the Janesville Gazette defamed her and that Carpenter discriminates against African Americans. Plaintiff has asked for leave to proceed in forma pauperis and has supported her request with an affidavit of

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In this case, plaintiff's monthly income is $700-900 a month, which makes her annual income $8,400-10,800. Because plaintiff's income is less than $16,000, she can proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because plaintiff is requesting leave to proceed without prepayment of costs, her complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

After reviewing plaintiff's complaint, I conclude that it violates Fed. R. Civ. P. 8. In particular, plaintiff does not include enough information regarding her claims that defendants Deputy Chief Steve Kopp and the Janesville Police Department retaliated against her and violated her right to equal protection. I will dismiss those claims without prejudice and give plaintiff an opportunity to file an amended complaint that provides more information. With respect to plaintiff's discrimination claim against defendant Denise Carpenter, plaintiff has failed to state a claim upon which relief may be granted. Therefore, I will dismiss that claim. Finally, with respect to plaintiff's state law claims against defendants Carpenter and the Janesville Gazette, there is no basis for federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. This court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367 over those state law claims unless plaintiff is granted leave to proceed on her federal retaliation or equal protection claim. Therefore, I am dismissing those claims without prejudice. Plaintiff may include them in her amended complaint.

In plaintiff's complaint, she alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff Janelle Barlass owned a bar in Janesville, Wisconsin known as Corvinas. Corvinas was patronized primarily by African Americans and "other minorities." Defendant

3

Denise Carpenter owns a bar in Janesville called Quotes Bar and Grill that enforces a dress code prohibiting "beads and braids, excessively baggy clothing, plain white T-Shirts, athletic gear, warm-ups, nylon suits, bandanas, do-rags, headbands, gang colors or affiliated apparel, earpieces and sunglasses."

At a Janesville City Council meeting, defendant Carpenter stated that plaintiff was "ruining her business" and that because of plaintiff, "[d]owntown is no longer viewed as a safe place." Carpenter also stated that plaintiff's customers were "trash," and that plaintiff should control the clothing her patrons wore into the establishment. Carpenter's comments were published in the Janesville Gazette. On multiple occasions, defendant Carpenter complained to defendant Janesville Police Department about the crowd at plaintiff's bar and came to plaintiff's bar to "harass" plaintiff's employees and customers.

Throughout the summer of 2009, reports ran in the Janesville Gazette and on the internet regarding plaintiff's bar. For example, on July 6, 2009, the Gazette reported a stabbing at Corvinas. However, the stabbing did not occur at Corvinas and there was no evidence that the parties involved in the stabbing were ever in Corvinas. On July 8, 2009, a story titled "Janesville Police Say Corvinas is Trouble" was published in the Gazette. On August 2, 2009, the Gazette published a story titled "Cops and Corvinas: Caution and Conflict," and on August 3, 2009, it published a story titled "Trouble Plagues Bars That Cater to Growing Minority Population."

4

Defendant Janesville Police Department "targeted" plaintiff's bar by "harassing" the patrons and reporting false information about crime at the bar to the newspapers, although. plaintiff never had problems in her bar that required police attention. At a city council meeting, plaintiff "stood up" to the department's practices.

Sometime in 2009, plaintiff closed her business and a new bar was opened in the same location by someone else. On July 30, 2010, defendant Janesville Gazette printed a story about the closing of the new bar. The article mentioned Corvinas, and stated that "Corvinas bar attracted unfavorable attention" and "Corvinas closed after its owners were evicted." Plaintiff was never evicted.

DISCUSSION

Plaintiff asserts several claims against the defendants: (1) defendant Janesville Police Department retaliated against her because she "stood up" to the department's practices; (2) defendant Janesville Police Department discriminated against plaintiff because of the race of her clientele by harassing her bar patrons and providing false or misleading reports to the press; (3) defendant Janesville Gazette defamed her by printing false information; (4) defendant Carpenter discriminates against African Americans by enforcing a restrictive dress code at Quotes Bar and Grill; and (5) defendant Carpenter defamed plaintiff by making negative statements about her to the public. Plaintiff seeks monetary damages and an order

5

requiring defendant Carpenter to remove her dress code.

### A. Defendants Deputy Chief Steve Kopp and the Janesville Police Department

As an initial matter, defendant Janesville Police Department is not a suable entity under § 1983. Under Fed. R. Civ. P. 17(b), state law determines whether a particular entity has the capacity to be sued. As other courts have recognized, Wisconsin municipalities may be sued, Wis. Stat. § 62.25, but individual agencies and departments may not, including police departments. Lawrence v. Lewandowski, 2009 WL 2950611, *7 (E.D. Wis. Sept. 9, 2009) (dismissing Wauwatosa police department as defendant and substituting City of Wauwatosa); Calmese v. Fleishauer, 2006 WL 3361204, *3 (W.D. Wis. Nov. 17, 2006) (dismissing Madison Police Department as defendant); see also Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009) (Indiana Police Department not suable entity under § 1983 ); Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997) (Chicago Police Department not suable entity). Litigants seeking redress for wrongs committed by the police must usually sue either the officers who violated their rights or the municipality that has authority over the police department. In this case, that municipality is likely the City of Janesville. If plaintiff chooses to file an amended complaint, she should substitute the City of Janesville as the appropriate defendant.

On a related note, a municipality may not be held liable under § 1983 simply because

6

it employs individuals who may have violated the law; rather, a city is liable only if it had a policy or custom that caused the constitutional violation.  Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978).  Thus, to state claims for retaliation and discrimination, plaintiff must allege facts suggesting that the City of Janesville had a policy or custom that caused the retaliation and discrimination.

1. Retaliation

To state a retaliation claim under § 1983, plaintiff must plead sufficient facts to support an inference that (1) she was  engaged in constitutionally protected speech; (2) public officials took adverse actions against her that would likely deter First Amendment activity in the future; and (3) the adverse actions were motivated at least in part as a response to plaintiff's protected speech.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009); Mosely v. Board of Education of Chicago, 434 F.3d 527, 533 (7th Cir. 2006).

With respect to the first element, plaintiff states that she "stood up" to the police department's discriminatory practices at a city council meeting.  Although it is not clear what plaintiff means by "stood up," she presumably means that she complained about the police department's practices.  Such complaints would qualify as constitutionally protected speech.

As for the adverse actions taken by defendants, plaintiff alleges that the police department "harassed" her customers and reported false information about crime at the bar

to the newspapers. It can be inferred that a reasonable person would be deterred from speaking out against the police department if the police started harassing the person's customers and reporting false information about crimes to the newspaper. Thus, plaintiff's complaint satisfies the second element of a retaliation claim with respect to the police department.

However, plaintiff's complaint contains no allegations about defendant Kopp's alleged retaliation against plaintiff beyond that statement that he "targeted" her bar. Such a statement is too vague to satisfy Fed. R. Civ. P. 8, because it is not clear what Kopp actually did. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994) (citations omitted). However, because pleading problems may be corrected, plaintiff may have an opportunity to file an amended complaint that corrects the Rule 8 problem. In her amended complaint, plaintiff should state specific adverse actions that defendant Kopp took against her in retaliation for her "standing up" to the police department.

Plaintiff's allegations also fall short with respect to the third element of her retaliation claim, which is whether defendants' adverse actions were motivated by plaintiff's decision

8

to "stand up" to the department at the city council meeting. Plaintiff has not alleged that the police department or Kopp was present at the city council meeting or that they were even aware of her what she said at the meeting. Defendants could not be motivated by plaintiff's protected activity if they did not know about it. In addition, plaintiff states in her complaint that the police department was already discriminating against her and her bar before she complained at the meeting. Thus, plaintiff's allegations suggest that the police department's actions toward plaintiff's business were already occurring and were unrelated to her complaints at the meeting. In her amended complaint, plaintiff should explain why she believes the police were motivated by her actions at the meeting.

Finally, plaintiff needs to provide more information about why the City of Janesville is responsible for the alleged constitutional violation. Plaintiff's complaint contains no allegations regarding an alleged policy or custom of the city that caused the retaliation. If plaintiff chooses to file an amended complaint with a retaliation claim against the city, she should include allegations tying the police department's alleged actions against plaintiff to a policy or custom of the City of Janesville. For example, plaintiff may include allegations suggesting that (1) the city has an express policy that caused the constitutional violation; (2) the city has a widespread practice constituting a "custom or usage" that caused the violation; or (3) a person with final policymaking authority issued a decision or took an action that caused the violation. Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008) (citations

9

omitted); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-83 (1986). It is not enough simply to state, for example, that the city has such a policy; plaintiff must set out facts that support her allegation.

For now, I will dismiss plaintiff's retaliation claim against defendants Kopp and the Janesville Police Department because she has not provided enough information about these claims. However, plaintiff may have an opportunity to file an amended complaint in which she provides factual allegations about her retaliation claim as discussed above.

2. Discrimination

Plaintiff contends that defendants Kopp and the Janesville Police Department violated her right to equal protection under the Fourteenth Amendment. The equal protection clause "commands that no state shall deny to any person within its jurisdiction the equal protection of the laws . . . which essentially is a direction that all persons similarly situated should be treated alike." Vision Church v. Village of Long Grove, 468 F.3d 975, 1000 (7th Cir. 2006) (internal citations and quotations omitted).

The first question is whether plaintiff, who is white, may bring a discrimination claim based on her allegation that defendant Kopp and the police department discriminated against her because of the race of her clientele. Equal protection claims are most commonly brought by members of disfavored classes of citizens or by citizens attempting to enforce

10

fundamental rights; a white plaintiff generally does not have standing under § 1983 solely for the purpose of vindicating the rights of minorities who have suffered from racial discrimination. Maynard v. City of San Jose, 37 F.3d 1396, 1402 (9th Cir. 1994). However, some courts have recognized that a plaintiff may state a discrimination claim under the equal protection clause of the Fourteenth Amendment or Title VII of the Civil Rights Act that is based on aiding and associating with people of a protected class. E.g., Maynard, 37 F.3d at 1403; Holcomb v. Iona College, 521 F.3d 130, 138-39 (2d Cir. 2008); Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc., 173 F.3d 988, 994-95 (6th Cir. 1999); Parr v. Woodmen of the World Life Ins. Co., 791 F.2d 888, 890 (11th Cir. 1986). The Court of Appeals for the Seventh Circuit has not ruled on the question whether discriminating against a person for association with a person of a protected class constitutes race discrimination in violation of Title VII or the Fourteenth Amendment. C.f., Ineichen v. Ameritech, 410 F.3d 956, 961 (7th Cir. 2005) ("This court has not yet definitely ruled on whether discriminating against a person because they are involved in an interracial relationship constitutes race discrimination in violation of Title VII"). At this stage, I will assume that plaintiff may bring an equal protection claim that is based on her association with members of a protected class.

However, plaintiff has not provided sufficient information to allow the court to determine whether she can state a claim for violation of her right to equal protection. As

11

with her retaliation claim, plaintiff's complaint contains no allegations concerning any discriminatory actions taken by defendant Kopp. In addition, plaintiff fails to make a connection between actions taken by Kopp or the police department and the race of her clientele. Finally, as noted above, a governmental unit such as the City of Janesville may be sued under § 1983 for violations of plaintiff's equal protection rights only if plaintiff alleges that the unconstitutional conduct resulted from an implementation of an official policy or from a de facto governmental custom. Monell, 436 U.S. at 690-91. Plaintiff has not alleged that the police department's allegedly unconstitutional actions were taken as a result of the city's policy or custom. Plaintiff's claim will be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8. Plaintiff will have an opportunity to filed an amended complaint providing more information as to the specific adverse actions that defendant Kopp and the police department allegedly took against her, why plaintiff believes those actions were motivated by a racially discriminatory intent and why the City of Janesville is responsible for those actions.

### B. Defendant Janesville Gazette Newspaper

Plaintiff contends that defendant Janesville Gazette defamed her by printing false information about her. Defamation is a tort that arises under state law. Paul v. Davis, 424 U.S. 693, 712 (1976) (Constitution provides no protection against damage to reputation).

12

Because the tort occurred in Wisconsin, Wisconsin law applies to this claim. Schindler v. Seiler, 474 F.3d 1008, 1010 (7th Cir. 2007). To prove a claim of defamation under Wisconsin law, a plaintiff must adduce evidence showing that an allegedly defamatory statement (1) was spoken to someone other than the person defamed, (2) is false, (3) is unprivileged and (4) tends to harm the defamed person's reputation so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Tongerson v. Journal/Sentinel, Inc., 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997); Hart v. Bennet, 2003 WI App 231, ¶ 21, 267 Wis. 2d 919, 941, 672 N.W.2d 306, 317.

Plaintiff alleges that the newspaper published an article stating falsely that she had been evicted. At this stage, this is sufficient to plead a defamation claim against the Gazette because it can be inferred that the statement regarding plaintiff's supposed eviction would deter third persons from associating or dealing with plaintiff. However, because defamation is a state law claim and the parties in this case are not of diverse citizenship, this court could exercise jurisdiction over the defamation claim only under 28 U.S.C. § 1367, which allows federal courts to exercise supplemental jurisdiction over a state law claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, this court can exercise jurisdiction over plaintiff's state law claim

13

only if plaintiff is granted leave to proceed on her federal retaliation or equal protection claims against defendants Kopp or the City of Janesville. Because it is not clear whether plaintiff will be granted leave to proceed on her federal claims, I must dismiss plaintiff's defamation claim at this time. If plaintiff wishes to proceed on her defamation claim against the Janesville Gazette, she should include the claim in her amended complaint.

### C. Defendant Denise Carpenter

Plaintiff raises two claims against defendant Carpenter. First, she contends that defendant Carpenter discriminates against African Americans by imposing a restrictive dress code at Quotes Bar and Grill. Because plaintiff has not alleged that she has been discriminated against by this dress code, plaintiff has no standing to bring this claim. Secretary of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947, 955 (1984) ("The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citations omitted); Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 263 (1977) ("In the ordinary case, a party is denied standing to assert the rights of third persons"). Plaintiff's discrimination claim against Carpenter will be dismissed.

Plaintiff's second claim against defendant Carpenter is that Carpenter defamed her by making statements at a city council meeting that plaintiff was ruining Carpenter's

14

business and causing the downtown to be unsafe. As with plaintiff's defamation claim against defendant <u>Janesville Gazette</u>, this court may exercise jurisdiction over the claim only if plaintiff is granted leave to proceed on her federal claims against defendants Kopp or the City of Janesville. If plaintiff wishes to proceed on her defamation claim against Carpenter, she should include it in her amended complaint. However, in pleading her defamation claim, plaintiff should avoid using vague or conclusory statements such as Carpenter "had [Corvinas] harassed, targeted and scrutinized by the City of Janesville Police Department and the City Council . . . ." Instead, plaintiff should set out the particular statements that Carpenter made that plaintiff believes were defamatory.

ORDER

IT IS ORDERED that

1. Plaintiff Janelle Barlass's claim that defendant Denise Carpenter discriminates against African Americans is DISMISSED for failure to state a claim upon which relief may be granted.

2. The remainder of plaintiff's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until September 16, 2010, to file an amended complaint that complies with Rule 8. If plaintiff does not file an

amended complaint by that date, the clerk of court is directed to close the case.

Entered this 7th day of September, 2010.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge